## North West State Bank, Appellee, v. Jacob Alter, Appellant.

### Gen. No. 20,766.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 6, 1915. Rehearing denied October 16, 1915.

### Statement of the Case.

Action of the first class in the Municipal Court of Chicago, brought by North West State Bank, a corporation, against Jacob Alter to recover on a certain promissory note in the principal sum of $1,172.08, with interest thereon at six per cent. per annum, executed by the defendant and made payable to one Alfred Anderson. The case was tried before the court and a jury, and at the close of all the evidence the court directed a verdict in favor of the plaintiff for $1,231.56. Judgment was entered on the verdict, and this appeal followed.

BLUM, WOLFSOHN & BLUM, for appellant.

WALTER H. ECKERT, for appellee.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

### Abstract of the Decision.

1. BILLS AND NOTES, § 240*—*when bank does not become innocent purchaser.* A bank does not become an innocent purchaser of a negotiable note so as to entitle it to protection against infirmities of the paper by merely discounting the same for a person not indebted to it and crediting him with the proceeds by way of deposit, as such deposit so long as it is not withdrawn is subject to equities of prior parties.

2. BILLS AND NOTES, § 391*—*what makes prima facie case as to purchase of note in good faith.* The introduction in evidence of notes sued upon, indorsed in blank by the payee, is prima facie evidence

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

that the plaintiff has acquired them in good faith, for value, in the usual course of business before maturity and without notice of defenses, and such proof cannot be overcome by merely showing that the original transaction between the plaintiff and the payee did not of itself amount to a purchase of the notes.

3. BILLS AND NOTES, § 412*—*what person must show to prove that bank is not innocent purchaser.* Defendants to a suit on a note brought by an indorsee bank, in order to sustain their claim that the bank is not entitled to protection as an innocent purchaser, must show not only that the bank merely credited the proceeds of the discounted note by way of deposit in favor of the payee and that the payee was not then indebted to the bank, but must also prove that the amount due upon such deposit, if any, had not been drawn out at the time of the trial, there being no claim of an earlier notice to the bank of such defense.